UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MANCHESTER ESSEX REGIONAL SCHOOL DISTRICT SCHOOL COMMITTEE<br>Plaintiff<br><br>v.<br><br><br>BUREAU OF SPECIAL EDUCATION APPEALS of the MASSACHUSETTS DEPARTMENT OF EDUCATION, MASSACHUSETTS DEPARTMENT OF EDUCATION, and PATRICIA SPELLMAN as Parent and Next Friend of D.T.<br>Defendants | Civil Action No.<br>05-10922-NMG |

## MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S MOTION TO STRIKE PATRICIA SPELLMAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND SUPPLEMENTAL STATEMENT OF FACTS

### STATEMENT OF THE CASE

This is a case in which the Manchester Essex Regional School Committee ("Manchester Essex" or "District") seeks judicial review pursuant to 20 U.S.C.§1415(i)(2) of a final decision issued by the Bureau of Special Education Appeals of the Massachusetts Department of Education. On February 28, 2006, Manchester-Essex filed a Motion for Summary Judgment on the grounds that the decision was contrary to law, unsupported by the weight of the evidence and contained significant errors. Manchester Essex brings this Motion to Strike Defendant Patricia Spellman's Opposition and Supplemental Statement of Facts in their entirety on the grounds that the Opposition

was not filed in a timely manner. In the alternative, the Plaintiff seeks to strike those portions of the Opposition that assert and argue facts not contained in the Administrative Record.

## FACTS

At a scheduling conference before Judge Nathaniel M. Gorton on December 21, 2005, the Court set February 28, 2006 as the date by which the Plaintiff would file its Motion for Summary Judgment, and March 31, 2006 as the date by which the Defendants would file their responses. (See Court Docket, entry dated December 21, 2005, "Clerk's Notes"). The Plaintiff filed its Motion for Summary Judgment, Concise Statement of Material Facts and Memorandum of Law on February 28, 2006. (See Docket Text Nos. 15 & 16). On March 29, 2006, the Bureau of Special Education Appeals and the Department of Education filed a Motion for an Extension of Time to File their Opposition to Plaintiff's Motion for Summary Judgment. (See Docket Text No. 22). The Court granted the Motion for an Extension of Time and set the State Defendants response due date as April 7, 2006.[1] (See Electronic Order dated April 5, 2006 granting motion). Defendant Patricia Spellman did not file a Motion for an Extension of Time to Oppose the Plaintiff's Motion for Summary Judgment or otherwise request further time to oppose the Plaintiff's Motion for Summary Judgment. Defendant Patricia Spellman failed to file an Opposition by the date set by this Court and electronically submitted an Opposition and a "Supplemental Statement of Facts" seven days late on April 7, 2006. (See Docket No. 24).

---

[1] On April 7, 2006, the state Defendants filed a Letter with the Court indicating that they did not intend to file a pleading in response to Plaintitff's Motion for Summary Judgment. (See Docket Text No. 23).

The Opposition submitted by Defendant Spellman contained several assertions of fact that were not contained in the Administrative Record and refer to events that occurred after the hearing.[2] Those assertions are:

> At the end of the twelve week period, it was the Plaintiff's plan, with the Parent's agreement, to have the child undergo a series of evaluations to determine whether the Active Healing program was providing a measurable benefit. The Parent was agreeable that if there were no measurable gains, she would withdraw all further requests to use Active Healing.[3] The Parent contends that the evaluations were never completed, but again, the issue of whether the evaluation period supported or not supported [sic] the use of Active Healing for this child became moot, as the child was removed from the public school setting and attends school at North Shore Education Consortium, Beverly, Massachusetts.[4]
>
> Whether Active Healing is, or did, provide a benefit to the student is not irrelevant and moot. The twelve week trial period ended without the evaluations being conducted, due to the fact that the child was removed from the educational setting. Now the child's IEP states [quote from IEP omitted].
>
> [3] The parties engaged in settlement discussions prior to the filing of this Administrative Appeal.
> [4] It should be noted that many of the therapeutic modalities recommended by Active Healing, including vision therapy, gait therapy and patterning, are employed at her new educational setting.

Defendant Patricia Spellman's Opposition at 4-5. This is the portion of the Defendant's Opposition that the Plaintiff seeks to strike if this Court does not strike the Opposition in its entirety.

---

[2] The Plaintiff contests the facts asserted as nearly all are not true. The Plaintiff, however, will not take the Court's time to refute them here because they are (1) alleged to have occurred after the hearing; (2) irrelevant to this Administrative Appeal; and (3) not in a form suitable for this Court's consideration under Rule 56.

## ARGUMENT

I. THE DEFENDANT'S OPPOSITION TO THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND SUPPLEMENTAL STATEMENT OF FACTS SHOULD BE STRICKEN IN ITS ENTIRETY BECAUSE IT WAS NOT FILED WITHIN THE TIME ALLOWED BY THE COURT'S SCHEDULING ORDER.

Rule 16(f) of the Federal Rules of Civil Procedure provides that if a party or a party's attorney fails to obey a scheduling order, the judge, upon motion, may make such orders for sanctions as are just. Additionally, the judge may order, "in lieu of or in addition to any other sanction" that the party or the party's attorney "pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f).

Here, the Defendant's Opposition and Supplemental Statement of Facts were electronically submitted for filing on April 7, 2006. Under the Court's scheduling order of December 21, 2005, however, the Opposition was due on March 31, 2006. Defendant Spellman did not move for an extension of time or otherwise request more time in which to file her Opposition. As such, the Defendant is in violation of the scheduling order. The violation shows flagrant disregard for the Court's Order and, as Rule 16(f) permits this Court to make such orders as are just, Manchester-Essex respectfully requests that this Court strike the Defendant's Opposition in its entirety on the grounds that it was not filed in a timely manner.

II. IN THE ALTERNATIVE, THIS COURT SHOULD STRIKE THOSE PORTIONS OF THE DEFENDANT'S OPPOSITION THAT ASSERT AND ARGUE FACTS NOT CONTAINED WITHIN THE ADMINISTRATIVE RECORD.

A.   This court's review is confined to the administrative record.

The Individuals with Disabilities Education Act ("IDEA") provides that in actions involving appeals from administrative decisions, a federal district court (i) shall receive the records of the administrative proceeding; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate. 20 U.S.C. §1415 (i)(1)(C). Although that section allows this court to hear evidence in addition to that contained in the administrative record at the request of a party, in this case, Patricia Spellman made no such request at any time, including in the Joint Statement pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Rule 16.1 of the Local Rules, or at the Scheduling Conference on December 21, 2005. Accordingly, this Court's review is confined to those matters contained in the Administrative Record.

Moreover, the facts asserted and argued by the Defendant concern matters that are alleged to have occurred after the hearing. Facts alleged to have occurred subsequent to the hearing are irrelevant and immaterial to the administrative review provided for in 20 U.S.C. §1415(i)(2). *See* 20 U.S.C. §1415(g)(1)(stating appeal limited to findings and decision of State education agency's due process hearing).

B.   The facts asserted and argued by the Defendant that are not contained in the Administrative Record ought to be stricken because they are not presented in conformity with the requirements of Rule 56 of the Federal Rules of Civil Procedure.

Rules 56(c) and (e) of the Federal Rules of Civil Procedure require the parties to submit pleadings, depositions, answers to interrogatories, admissions and affidavits based on personal knowledge in support of motions for summary judgment. Here, the Defendant has not provided any acceptable evidence, in the form of affidavits or

otherwise, supporting the facts alleged. Accordingly, this Court may not consider those facts in deciding the Plaintiff's Motion for Summary Judgment and they should be stricken from the Plaintiff's Opposition.

Finally, many of the alleged facts pertain to settlement discussions. It is well settled that evidence of settlement negotiations are inadmissible. *Hiram Ricker & Sons v. Students Int'l Med.*, 501 F.2d 550, 553 (1st Cir. 1974). Since Rule 56 requires the presentation of facts in a form admissible at trial, the contested facts are not in a proper form to be considered by this court and therefore ought to be stricken from the Defendant's Opposition.

WHEREFORE the Plaintiff respectfully requests that this court grant its Motion and strike Defendant Patricia Spellman's Opposition and Supplemental Statement of Facts in its entirety. In the alternative, the Plaintiff respectfully requests that this Court strike the portions of the Opposition that assert and argue facts that are not contained in the Administrative Record.

Date: April 19, 2006

Respectfully submitted,

The Plaintiff,

Manchester Essex Regional School District

By its attorneys,

SULLIVAN & NUTTALL, P.C.

*/s/ Thomas J. Nuttall*
_____

Thomas J. Nuttall
BBO No.: 546940
1020 Plain Street, Suite 270
Marshfield, MA  02050
(781) 837-7428

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

Date: April 19, 2006              */s/Thomas J. Nuttall*
                                  _____
                                  Thomas J. Nuttall