UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MANCHESTER ESSEX REGIONAL SCHOOL DISTRICT SCHOOL COMMITTEE<br>Plaintiff<br><br>v.<br><br><br>BUREAU OF SPECIAL EDUCATION APPEALS of the MASSACHUSETTS DEPARTMENT OF EDUCATION, MASSACHUSETTS DEPARTMENT OF EDUCATION, and PATRICIA SPELLMAN as Parent and Next Friend of D.T.<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.<br>05-10922-NMG |

## MEMORANDUM OF LAW IN SUPPORT
## OF THE PLAINTIFF'S MOTION FOR RECONSIDERATION

### STATEMENT OF THE CASE

This is a case in which the Manchester Essex Regional School Committee

("Manchester Essex" or "District") seeks judicial review pursuant to 20

U.S.C.§1415(1)(2) of a final decision issued by the Bureau of Special Education Appeals

of the Massachusetts Department of Education. It is the position of Manchester Essex that

the decision was contrary to law, unsupported by the weight of the evidence and

contained significant errors.  Manchester Essex filed a Motion for Summary Judgment on

February 28, 2006.  On or about September 27, 2006, this Court issued a Memorandum

and Order finding genuine issues of material fact and stated that the "Court will leave the

decision to a jury's reasoned verdict." See Memorandum and Order at 17.

## FACTS

On September 27, 2006, this Court issued a Memorandum and Order allowing the Plaintiff's Motion to Strike Defendant Patricia Spellman's Opposition to the Plaintiff's Motion for Summary Judgment insofar as Spellman included information relating to settlement negotiations, but denying it in all other respects; and denying the Plaintiff's Motion for Summary Judgment. (See Court's Memorandum and Order at 17).

In denying the Plaintiff's Motion for Summary Judgment, this Court found that genuine issues of material fact exist because while Goodchild may not have been trained or certified within the meaning of the IDEA, "a jury could find that his staff is so qualified." (Memorandum and Order at 12). The court concluded that "a reasonable juror could find that the overall program and staff at Active Healing had the requisite qualifications and certifications required under the IDEA and federal and state regulations that require services and evaluation by a 'qualified personnel.'" Id. at 14.

Further, this Court found that given the evidence received during the hearing by the Hearing Officer, "a jury could still readily find that Active Healing is an appropriate program for inclusion in D.T.'s IEP." Id. at 16. The court stated that it was denying the Plaintiff's Motion for Summary Judgment and would "would leave the decision to a jury's reasoned verdict." Id. at 17.

The Plaintiff brings this Motion for Reconsideration therefore because in ordering a jury trial, there was a clear error of law in the application of the standard by which IDEA cases are reviewed by federal courts.

2

## ARGUMENT

I.    Motion for Reconsideration Standard

A federal district court has the discretion to reconsider interlocutory orders and revise or amend them at any time prior to final judgment. *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000). Until final judgment, interlocutory orders remain open to trial courts for reconsideration. *Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40, 42 (1st Cir. 1994). Although the law of the case doctrine implements an important judicial policy against reconsidering settled matters, it is "neither an absolute bar to reconsideration nor a limitation on a federal court's powers." *Id.* (quoting *United States v. Rivera-Martinez*, 931 F.2d 148, 150-151(1st Cir.), *cert. denied*, 502 U.S. 862 (1991).

When faced with a Motion for Reconsideration, a district court must balance the need for finality against a duty to render just decisions. *Davis v. Lehane*, 89 F. Supp. 2d at 147. In order to accommodate these competing interests, a court should grant a motion for reconsideration of an interlocutory order only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order. *Id.* In this case, reconsideration is warranted because there was a clear error of law in the first order.

II.    In ordering a jury trial, there was a clear error of law in the application of the standard by which IDEA cases are reviewed by federal courts.

The IDEA permits a party aggrieved by the findings and decision made at the due process hearing by the administrative agency, here the Bureau of Special Education Appeals (BSEA), to bring a civil action in a district court of the United States. 20 U.S.C. §1415(i)(2). In any such action, the district court shall receive the records of the administrative proceedings, hear additional evidence at the request of a party, and basing

3

its decision on the preponderance of the evidence, shall grant such relief as the court determines appropriate. 20 U.S.C. §1415 (i)(2)(C) (i)-(iii).

The IDEA provision for judicial review has been described as "puzzling" and "somewhat confusing." *Walker County School District v. Bennett*, 203 F.3d 1293(11th Cir. 2000). The court noted that "ordinarily, one expects judicial review of an administrative decision to be limited to the record before the administrative body, and for the court to be required to affirm if substantial evidence in the record support the administrative determination." *Walker County School District v. Bennett*, 203 F.3d at 1297 (citing *Capistrano Unified School District v. Wartenberg*, 59 F.3d at 891). The IDEA's provisions, however, have created substantial confusion regarding (1) how much deference should be given to the administrative decision if additional evidence may be taken; (2) what standard should be applied in deciding what additional evidence, if any, should be admitted in the district court proceeding; and (3) what is the appropriate procedural mechanism to be implemented in the district court in bringing the case before the court for a final decision. *Id.*

This Court, in *Shawsheen Valley Regional Vocational Technical School v. Com.*, (D. Mass. 2005) (Gorton, J.), an IDEA administrative appeal to this Court, noted the "puzzling procedural problem" of deciding summary judgment motions in IDEA cases. *See Shawsheen Valley Regional Technical School v. Com.*, (D.Mass. 2005) (citing *Capistrano Unified School District v. Wartenberg*, 59 F.3d 884, 892 (9th Cir. 1995). Other courts have noted the difficulty of using a summary judgment framework for what amounts to resolution of conflicting evidence on the facts. *Capistrano Unified School District v. Wartenberg*, 58 F.3d at 891 (quoting from its opinion in *Ojai Unified School*

4

*District v. Jackson*, 4 .3d 1467, 1471 (9th Cir. 1993)). See also *Walker County School*

*District v. Bennett*, 203 F.3d 1293, 1297 n. 11 (11th Cir. 2000)(recognizing the problem

that in reviewing IDEA cases, district courts must weight and decide disputed issues of

fact, an improper exercise under Rule 56).

      Appeals to the federal district court under the IDEA do not "fit well into any

pigeonhole of the Federal Rules of Civil Procedure," and "though the parties may call the

procedure a 'motion for summary judgment', the procedure is in substance an appeal

from an administrative determination, not a summary judgment." *Id.* at 892.   The

motion for summary judgment serves as a pragmatic procedural mechanism for

reviewing the agency decision. *Cabouli v. Chappaqua Central School District*, (S.D.N.Y

2005). *See also, White v. San Diego County Office of Education*, n. 2 (S.D. Cal. 2006)

(stating summary judgment motion in an IDEA case is in substance an appeal from an

administrative determination, not a summary judgment, more akin to a bench trial on a

stipulated record); *Lillbask ex rel. v. Connecticut Department of Education*, 397 F. 3d 77,

83 n. 3 (2nd Cir. 2005)(stating courts in Second Circuit have observed that a motion for

summary judgment in an IDEA case is an appeal from an administrative determination

and not a summary judgment). The difficulty arises because IDEA cases present disputed

issues of fact. *Id.* Ordinarily summary judgment could not issue because of the genuine

dispute. *Id.*

      In the present case, the Court denied the Plaintiff's Motion for Summary

Judgment on the grounds that there were disputed issues of fact.   Ordinarily summary

judgment could not issue because of the genuine dispute.   Under the IDEA, however,

the court should not have looked for disputed issues of fact as grounds for denying the

motion, but should have examined how the hearing officer resolved the disputed issues of fact. *Town of Burlington v. Dep't of Educ.*, 736 F.2d at 792. It is then for the court to accept or reject the hearing officer's findings. The agency's legal conclusions, however, are subject to de novo review. *Ross v. Framingham Sch. Comm.*, 44 F.Supp.2d 104, 111 (D. Mass. 1999)). This standard was set forth in the Plaintiff's Memorandum of Law in Support of its Motion for Summary Judgment. The Court's error in failing to consider the Plaintiff's Motion for Summary Judgment under the proper standard warrants this Court's reconsideration.

III.    A trial is not appropriate.

In the present case, the Court's decision appears to require either a trial by jury de novo; or a trial by jury on limited questions of fact identified in the Memorandum and Order. First, the IDEA does not permit jury trials. *Loren F. v. Atlanta Independent Schools*, 349 F.3d 1309, 1313 (11th Cir. 2003). Even assuming the Court were to amend its Order to specify a bench trial, a trial is still not appropriate.

A trial de novo is not contemplated by the IDEA. The First Circuit has cautioned that in reviewing IDEA cases, district courts must be careful not to allow the character of the hearing to change from one of review to a trial de novo. *Town of Burlington v. Department of Education*, 736 F. 2d 773, 790-791 (1st Cir. 1984), *aff'd*, 471 U.S. 359 (1985). *See also Walker County School District v. Bennett*, 203 F.3d 1293(11th Cir. 2000)(adopting First Circuit's rule of avoiding trial de novo). The IDEA contemplates that the source of the evidence generally will be the administrative hearing record, with some supplementation at trial. *Town of Burlington v. Department of Education*, 736 F. 2d at 790-791. If this court were to try IDEA cases de novo, the court would not be

honoring the intent of the IDEA which is to give the hearing officer's decision due weight. *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 206 (1982)(stating Act's requirement that the district court receive the administrative record carries with it the implied requirement that due weight shall be given to the proceedings).

With respect to a trial on the limited questions of fact identified in the Memorandum and Order, the IDEA only allows the district courts to receive additional evidence at the request of a party. See 20 U.S.C. §1415 (i)(2)(C) (ii). Here, the parties appeared before this Court at the scheduling conference on December 21, 2005. (See Docket Report entry dated December 21, 2005). No party requested that this court hear additional evidence. As reflected in the Electronic Clerk's Notes for that day, the parties and this Court contemplated that the matter would be resolved by motion. *See id.* (stating motions for judgment on the pleadings and responses would be submitted for resolution of the matter).[1]

In applying these considerations to the present case, it is clear that in deciding the Plaintiff's Motion for Summary Judgment the court should not have ordered a trial on the identified issues of fact, but rather, should have decided the case on the administrative record. Reconsideration of the Memorandum and Order is warranted because the court reviewed the administrative record under a traditional summary judgment standard looking for material issues of fact in dispute. That standard is not appropriate in this case.

---

[1] Although the Plaintiff's motion was styled a Motion for Summary Judgment rather than a Motion for Judgment on the Pleadings, a Motion for Judgment on the Pleadings is treated as a Motion for Summary Judgment when matters outside the pleadings are presented to the court (here the administrative record was presented in addition to the pleadings). Fed. R. Civ. P. 12(c).

7

## CONCLUSION

In bringing this Motion, the Plaintiff requests that this court reconsider the Plaintiff's motion applying the appropriate standard. The Plaintiff hereby renews its Motion for Summary Judgment and requests that the Court rule on it accordingly. Under the proper standard and analysis, it is clear from the Administrative Record that the Plaintiff's Motion for Summary Judgment should have been granted. For example, it was stipulated between the parties at hearing and therefore not in dispute that Sargent Goodchild had no degree or certification in any field related to special education, occupational or speech therapy, or any other field related to special education, health or rehabilitation; and further that Active Healing was not a Chapter 766 approved or otherwise licensed or accredited program. AR at 38. The Hearing Officer accepted this stipulation and treated the issue as one not in dispute. Id. The issue for this appeal therefore is not one of fact as to whether the court should reject or accept findings on whether Goodchild and/or Active Healing was properly qualified because it was stipulated they were not.[2] The issue for this appeal is whether it was legally permissible under the IDEA for the hearing officer to order an extended evaluation by a provider and entity with no qualifications to conduct the evaluation ordered. That argument, and others, is set forth in the Plaintiff's Motion for Summary Judgment and is renewed herein.

---

[2] Because the parties stipulated that Goodchild and Active Healing did not have the necessary credentials, Manchester Essex did not present evidence on the issue of their qualifications. If this court is inclined not to accept the issue as stipulated, then Manchester Essex requests that it be allowed to present evidence on the issue including evidence that the doctor, psychologist and public school teacher referred to in the Memorandum and Order at 12 were (1) not employed by Goodchild, but were members of his "board"; (2) that those individuals did not deliver the services to the Student; and (3) that although those individuals may be qualified in other areas they were not qualified to deliver the types of services that were the subject of the hearing.

WHEREFORE the Plaintiff respectfully requests that this Court reconsider and grant the Plaintiff's Motion for Summary Judgment under the proper standard.


Date: October 10, 2006                          Respectfully submitted,

                                                The Plaintiff,

                                                Manchester Essex Regional School District

                                                By its attorneys,

                                                SULLIVAN & NUTTALL, P.C.

                                                */s/ Thomas J. Nuttall*
                                                _____

                                                Thomas J. Nuttall
                                                BBO No.: 546940
                                                1020 Plain Street, Suite 270
                                                Marshfield, MA  02050
                                                (781) 837-7428


<u>Certificate of Service</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.


Date: October 10, 2006                          */s/Thomas J. Nuttall*
                                                _____

                                                Thomas J. Nuttall


9